**Sallie HAYES, Single, Appellant,**

**v.**

**Glenn MARTIN et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1958.

L. M. Ackman, Williamstown, F. S. Connely, Warsaw, for appellant.

Berry & Floyd, New Castle, for appellees.

CULLEN, Commissioner.

Miss Sallie Hayes, an elderly maiden lady, brought action against Glenn Martin and wife to cancel a deed by which she had conveyed to them her home place, consisting of a dwelling house and 17 acres of land. The trial judge, sitting without a jury, found for the defendants and entered judgment dismissing the complaint. Miss Hayes has appealed.

The complaint alleged fraud and failure of consideration. However, there was no substantial proof of fraud, and we think the finding of the trial court that there was no fraud is clearly correct. Accordingly, we will discuss only the question of failure of consideration.

Under the deed, Miss Hayes reserved the right to occupy the dwelling for the remainder of her life, and a right of reversion in case the grantees should die without children before her death. The deed imposed the following obligations upon the grantees: (1) To care for two Hayes family graveyards; (2) to keep the area surrounding the dwelling clean of weeds and bushes; (3) to cut the trees along the river bank so as to afford a view of the river from the dwelling; (4) to pay the taxes; (5) to keep the dwelling and other improvements in good repair and insured; (6) to cultivate the land in a good, husband-

like manner; (7) to pay for all necessary improvements, seed, fertilizer and other incidentals necessary for the cultivation and harvesting of crops; and (8) to pay to Miss Hayes one-third of the proceeds from the crops.

The deed was executed on August 17, 1955. The action to cancel the deed was brought about seven months later, on March 15, 1956.

Miss Hayes' chief complaints, in support of her claim of failure of consideration, were that Martin had not cared for the graveyards, had not mowed the weeds around the dwelling, had not repaired the leaky roof of the dwelling, and had refused to cultivate one of the small fields. Martin's defense was that he did go to take care of the graveyards in May, after the suit was commenced, and found they had already been taken care of by someone else, and that it would have been useless to do anything to the graveyards during the fall and winter; that he did mow around the dwelling in December and proposed to do so again when necessary; that he had made temporary repairs to the roof of the dwelling and had promised to replace part of the roof when spring came; and that he did not cultivate the one field because it was overgrown with Johnson Grass and it would not have been profitable to cultivate it.

Without going into detail concerning the various contentions, and the evidence on each side, we will say that it appears that Martin did not make perfect compliance with his obligations under the deed, but on the other hand Miss Hayes was demanding more than she was entitled to. During the fall and winter months she could not reasonably expect much to be done in the way of mowing weeds and cleaning up the graveyards, nor could she expect Martin to do a complete rebuilding job on what appears to have been a badly dilapidated roof. As concerns the field left uncultivated, there was testimony that this did not constitute a failure to comply with good practices of husbandry.

We think that Miss Hayes was perhaps a bit premature in bringing her action, and we cannot say that the finding of the lower court, that there was not such a failure of consideration as to warrant cancellation of the deed, is clearly erroneous. However, we call attention to the fact that the deed imposes *continuing* obligations upon the Martins, and if they fail in the future to meet these obligations reasonably and fairly, Miss Hayes will then have the basis for an action.

The judgment is affirmed.